CASE 35—PETITION ORDINARY—OCTOBER 8.

# Bland vs. Adams Express Company,

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. The law holds common carriers to a peculiar responsibility, admitting no excuse for the loss of goods, except an act of God, or of a public enemy, which could not have been averted or overcome.

2. John Morgan, and his band of Confederate soldiers, constituted in May, 1862, a public enemy, in the technical sense, and the defendant was not liable for a package of money taken by them from a railroad train.

3. The strife in which they were fighting was not an insurrection, but a civil war, in which the parties were belligerents, and respectively entitled to belligerent rights.

J. W. BARR, for appellant, cited, 2 *Ld. Raym.*, 909 : 19 *Wend*, 234; *Angell on Carriers;* 1 *Conkling Admiralty*, 198 ; 4 *B. L.*, 83 ; 5 *Jacob's Dict.*, 387 ; *Elliott's Debates*, 233 ; *Federalist*, 67 ; 4 *Met.*, 385.

G. A. & I. CALDWELL, for appellees, cited 2 *Bouv. Dect.*, 640 ; *Angell on Carr.*, sec. 200 ; *Story on Bailm.*, sec. 526 ; 1 *Phill. on Ins.*, secs. 224, 225 ; 16 *Johns.*, 449 ; *Wheat. Int. L.*, 590 *et seq. and notes* ; 4 *Met.*, 402.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

To a petition by *Arthur Bland* against the *"Adams Express Company,"* charging the non-delivery, according to consignment, of a package containing $2,279, confided by him, at the city of Louisville, on the 10th day of May, 1862, to said company, as a common carrier, to carry from said city to his consignee at the city of Nashville, it filed an answer alleging that its agent forthwith placed the said package with all its said contents in its iron safe on the railroad train then departing from Louisville to Nashville; that, on the same day, John Morgan and his band of Confederate soldiers, on the way, near Cave City, attacked the train, burnt most of the cars, and, by irresistible armed force, robbed the safe of the said package and all its contents; and that no portion of the money so abstracted had been rescued or restored. These facts having been sufficiently proved, the circuit judge, to whom the law and the facts were submitted, dismissed the petition. And this appeal seeks the reversal of that judgment.

Public policy, and consequently the law, holds common carriers to a peculiar responsibility, extremely stringent, admitting no excuse for the loss of goods except an act of God or of a public enemy, which could not, by any proper care or available force, have been overcome or averted. No other human force than that of a public enemy will exonerate the carrier, because, otherwise, he might fraudulently muster or combine with a force to rob himself.

Bland vs. Adams Express Company.

The only question in this case is, was Morgan's band, in the technical sense, a public enemy? And the answer depends on whether the strife in which they were fighting is a civil war. War is either international or civil, foreign or domestic. Insurrection, however violent or formidable, is not war. Civil war is preceded by insurrection, which becomes magnified and matured into war in the legitimate sense. And when so characterized, the parties are belligerents, and respectively entitled to belligerent rights. The American Revolution of '76 commenced in insurrection. But the insurgent colonies soon became belligerent States. By the Declaration of Independence civil war was inaugurated, as often and authoritatively recognized and adjudged. After that transforming event, the American resistance was rebellion no longer, but war for liberty. The struggle in which the United States are now engaged against the seceding States, is more stupendous and quite as eventful. It is to save that which the war of independence achieved. And history records no .civil war more flagrant or gigantic than that in which our country is now engaged. If this be not war, what is war, and when or where did it ever rage and desolate and destroy? It has been so treated at home and abroad—by our own government in all its departments, as well as by foreign governments—and if it be war now, it was as certainly war, and as much war, on the 10th of May, 1862.

Wherefore, the judgment is affirmed.

## NOTE.

CHIEF JUSTICE BULLITT was removed during the Winter Term, 1864, and Hon. WILLIAM SAMPSON was appointed to fill the vacancy until the August election, 1865.

# DECISIONS

OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### WINTER TERM, 1864.